UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY RUSSELL,　　　　　　　　Civil Action No.: 16-13637
　　　　　　　　　　　　　　　　　Honorable George Caram Steeh
　　　　　　　Plaintiff,　　　　　Magistrate Judge Elizabeth A. Stafford

v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

　　　　　　　Defendant.

_____/

**REPORT AND RECOMMENDATION ON CROSS-
MOTIONS FOR SUMMARY JUDGMENT [ECF. NOS. 15, 17]**

　　　Plaintiff Corey Russell appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying his application for supplemental social security income benefits (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- Russell's motion [ECF No. 15] be **DENIED**;

- the Commissioner's motion [ECF No. 17] be **GRANTED**; and

- the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Background and Disability Applications

Russell was born on May 12, 1975, making him 35 years old on his alleged onset date of August 22, 2011. [ECF No. 11-5, Tr. 131]. His highest completed level of education is the eighth grade, and he has prior work history as a bar code scanner, laborer, and warehouse quality inspector. [ECF No. 11-6, Tr. 152-53]. He alleged disability due to Erb's palsy, mood swings, hallucinations, depression, panic attacks, and anxiety. [ECF No. 11-6, Tr. 151].

After the Commissioner denied his disability application initially, Russell requested a hearing, which took place in July 2015, during which he and a vocational expert (VE) testified. [ECF No. 11-2, Tr. 36-68]. In an August 19, 2015, written decision, the ALJ found Russell to be not disabled. [*Id.*, Tr. 32]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Russell timely filed for judicial review. [*Id.*, Tr. 1-3; ECF No. 1].

## B. The ALJ's Application of the Disability Framework Analysis

SSI is available for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 920(c).

final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Russell was not disabled. At the first step, he found that Russell had not engaged in substantial gainful activity since his alleged onset date. [ECF No. 11-2, Tr. 20]. At the second step, the ALJ found that Russell had the severe impairments of "history of Erb's palsy with no use of the right upper extremity; subscapularis muscle tear, right shoulder; lumbar spine arthritis; history of bipolar disorder; major depression; anxiety; mood disorder; antisocial personality disorder; paranoid personality disorder; intellectual disability; and history of substance abuse, in remission." [*Id.*]. Next, the ALJ concluded that none of the impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 22-24].

Between the third and fourth steps, the ALJ found that Russell had the RFC to perform a light work as defined by 20 C.F.R. § 416.967(b),

4

except that:

> [H]e is limited to one armed work with no use of the right upper extremity and not even to assist; no reaching in any direction with the right upper extremity; no working with hazards, including work at unprotected heights or around dangerous moving machinery; no climbing of any ladders, ropes, or scaffolds; no more than frequent balancing, stooping, kneeling, and crouching; only occasional crawling; no concentrated exposure to dust, fumes, odors, humidity or wetness and no temperature extremes; no concentrated exposure to vibration; restricted to unskilled work with no work with the general public, no more than occasional interaction with coworkers and supervisors, and no fast paced production work where the pace is set by others.

[*Id.*, Tr. 24]. At the fourth step, the ALJ concluded that Russell could perform his past relevant work as an inspector, rendering a finding that he was not disabled during the relevant period. [*Id.,* Tr. 30-31]. The ALJ also found that, considering Russell's age, education, work experience, RFC, and the testimony of the VE, he could perform work as an inspector as classified under the Dictionary of Occupational Titles, which exists in significant numbers in the national economy. [*Id.*, Tr. 31-32].

II.  ANALYSIS

A.

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r*

5

*of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

At the onset, it must be noted that Russell's arguments are threadbare and undeveloped, with little citation to the medical record. They come perilously close to being waived altogether. *See McPhereson v. Kelsey,* 125 F.3d 989, 995 (6th Cir.1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (internal quotation marks and citation omitted). The Court will consider his arguments, but it has no obligation to scour the record on Russell's behalf and does not elect to do so. *Karger v. Comm'r of Soc. Sec.,* 414 F. App'x 739, 754 (6th Cir. 2011). Russell argues that the ALJ did not consider the effects of his left carpal tunnel syndrome (CTS), bipolar disorder, or intellectual disability in crafting the

RFC. The Court finds that remand is not warranted because Russell fails to meet his burden of showing that the RFC was inadequate.

**B.**

Russell begins by noting that when a severe impairment is found, the ALJ must consider limitations from all impairments, both severe and non-severe, in crafting the RFC. *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009). But that is only the case when a non-severe impairment actually causes an impairment or restriction. *Id.*, *see also* Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (July 2, 1996). If the plaintiff does not set forth evidence showing that the effects of the non-severe impairment necessitate a more restrictive RFC, as is his burden, any error on the part of the ALJ is harmless. *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009).

The ALJ found Russell's left CTS to be non-severe. [ECF No. 11-2, Tr. 20]. Russell states, without citing legal authority or evidence from the record, that his left "CTS would limit his ability to reach, handle, and finger," and faults the ALJ for not including manipulative limitations in the RFC. [ECF No. 15, PageID 676]. In his reply brief, Russell notes the results of a December 2014 EMG report indicating "mild median mononeuropathy at the wrist (i.e. carpal tunnel syndrome) involving the left upper extremity."

[ECF No. 18, PageID 705, citing ECF No. 11-9, Tr. 395-97].  But a mere diagnosis says nothing about its disabling effects.  *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).  And during the hearing, Russell testified that he had no problem using his left arm and that he "use[s it] for everything."  [ECF No. 11-2, Tr. 57].

All of the other the relevant evidence suggests that Russell has no limitations on the use of his left arm.  In his written function report, he admitted that he plays video games "everyday [sic] and very well" and that "using hands" was not affected by his conditions.  [ECF No. 11-6, Tr. 169-70].  Consultative examiner Martha Pollock, M.D., also found in January 2014, that he had no limitations in range of motion in his left shoulder or left elbow.  [ECF No. 11-7, Tr. 267].  His left hand had full dexterity and he could pick up a coin, a button, and open a door with his left hand.  [*Id.*, Tr. 266].  In late 2014, medical notes show that Russell's left arm reflexes were normal, and though CTS was suggested, there was no evidence of plexopathy or diffuse peripheral polyneuropathy in the left arm.  [ECF No. 11-9, Tr. 387, 397].  And in April 2015, it was noted at a rehabilitation clinic that "[h]e also had some mild carpal tunnel on the left, although he does not really have symptoms of this," and his left arm had "no visible deformities,

8

no tenderness to palpation," "full functional range of motion," and "5/5" strength. [ECF No. 11-11, Tr. 531, 533].

Although not cited by Russell, physical therapy records do state that he has problems with washing his hands and under his arms, carrying anything heavy, and opening jars, and that he gets assistance with laundry, cooking and housework. [ECF No. 11-12, Tr. 546, 548]. These limitations are not inconsistent with the ALJ's RFC for light, one-armed work. Russell has produced no evidence supporting his contention that the RFC needed to include left arm limitations or restrictions.

## C.

Russell's second argument overlaps with the first; he claims that the RFC fails to include limitations caused by his CTS, bipolar disorder, and intellectual disability. He attempts to frame this as a challenge to the ALJ's step five determination, but as the Commissioner notes, the hypothetical posed to the VE is essentially identical to the RFC, making this a collateral attack on the RFC. [ECF No. 11-2, Tr. 62-64]. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact."); *Kirchner v. Colvin*, No. 12-CV-15052, 2013

9

WL 5913972, at *11 (E.D. Mich. Nov. 4, 2013) (Plaintiff's step five argument is a "veiled attack" on the RFC when the hypothetical is identical to the RFC assessment). Thus, Russell retains the burden to show that the RFC should have included these additional limitations. *Kirchner*, 2013 WL 5913972, at *11; *Preslar* 14 F.3d at 1110 (6th Cir. 1994).[2]

Russell's arguments regarding CTS have already been addressed, so the Court turns to the claim that the ALJ failed to incorporate bipolar disorder and intellectual disability into the RFC. There are numerous flaws in Russell's argument, the first being that he does not state which limitations should have been incorporated into the RFC due to these conditions. This alone is grounds for finding the argument waived altogether. *See Carlin v. Comm'r of Soc. Sec.*, No. CIV.A. 12-10222, 2013 WL 639338, at *2 n.2 (E.D. Mich. Jan. 11, 2013), *report and recommendation adopted,* No. 12-10222, 2013 WL 639147 (E.D. Mich. Feb. 21, 2013) citing *McPherson*, 125 F.3d at 995-96. Compounding this error, Russell fails to acknowledge that the RFC contains multiple limitations to account for his mental impairments. Specifically, the ALJ restricted Russell to unskilled work with no contact with the general public,

---

[2] Furthermore, since the ALJ found that Russell could return to past relevant work at step four, any error in his step five analysis alone would be harmless.

only occasional interaction with coworkers and supervisors, and "no fast paced production work where the pace is set by others." [ECF No. 11-2, Tr. 24]. The ALJ explained that these restrictions were due to Russell's "combined mental symptomatology." [*Id.*, Tr. 29]. Russell does not explain how these restrictions are inadequate or what additional restrictions would be required for the RFC to be accurate.

Russell's moderate difficulties in activities of daily living, social functioning, and "concentration, persistence, or pace" (CPP) are well accounted for in the RFC. *See, e.g., Pruitt v. Comm'r of Soc. Sec.*, No. 14-CV-11230, 2015 WL 5730023, at *7 (E.D. Mich. Aug. 24, 2015), *report and recommendation adopted,* No. 14-11230, 2015 WL 5697633 (E.D. Mich. Sept. 29, 2015) (finding that non-production-rate work is a common and adequate limitation for those with moderate difficulties in CPP); *Bohn–Morton v. Comm'r of Soc. Sec.,* 389 F.Supp.2d 804 (E.D.Mich. 2005) (unskilled work limitation in RFC sufficiently accounted for a finding of moderate deficiencies in CPP); *Schaefer v. Comm'r of Soc. Sec.*, No. 13-10105, 2014 WL 562436, at *2 (E.D. Mich. Feb. 13, 2014) (ALJ's decision upheld where moderate limitations in social functioning were accommodated by restriction of "no more than occasional interaction with the public or co-workers" in the RFC). Russell does not challenge the

11

ALJ's findings of moderate difficulties in the three mental categories referenced above. Nor does he challenge the ALJ's findings that Russell had exaggerated his mental impairments, made inconsistent statements, and had engaged in possible malingering or misrepresentation. [ECF No. 11-2, Tr. 27-28]. Russell has not shown that any additional restrictions should have been included in the RFC; thus, the Court finds no reason to disturb the ALJ's decision.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Russell's motion for summary judgment be [ECF No. 15] be **DENIED**; that the Commissioner's motion [ECF No. 17] be **GRANTED**; and that the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: November 20, 2017

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

     The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 20, 2017.

                                            s/Marlena Williams
                                            MARLENA WILLIAMS
                                            Case Manager